IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-cr-216-ECM |
| | ) | [WO] |
| AARON JILES | ) | |

**O R D E R**

Before the Court is the Defendant's *pro se* letter, which the Court construes as a motion requesting early release from incarceration. (Doc. 956). In his motion, he requests that the Court allow him to serve the remainder of his sentence on supervised release. He explains that he is participating in programming, that his mother is almost seventy-five years old, and his son recently turned sixteen years old.

On August 25, 2025, this Court sentenced the Defendant to 84 months' imprisonment following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine. (Doc. 838). The Defendant's current projected release date from the Federal Bureau of Prisons ("BOP") is June 12, 2030. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 11, 2026).

The Defendant does not cite any statute, rule, or other authority upon which he bases his request for early release. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). To the extent that the Defendant is moving for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), he has failed to establish his eligibility for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)

(explaining that the moving party bears the burden to establish eligibility for a sentence reduction). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may reduce a sentence if, after considering the factors found at 18 U.S.C. § 3553(a) to the extent they are applicable, the Court determines that (1) the defendant has exhausted his available administrative remedies, (2) "extraordinary and compelling reasons" warrant a sentence reduction, and (3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Smith*, 177 F.4th 1166, 1168 (11th Cir. June 2, 2026).

Here, the Defendant has not shown that there are extraordinary and compelling reasons which warrant a sentence reduction. To the extent he argues that he has been rehabilitated, the United States Sentencing Commission has stated that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); *see Smith*, 177 F.4th at 1169 (concluding that the defendant's "rehabilitation while in prison is not an extraordinary and compelling reason for release"). While his participation in programming is commendable, it does not supply grounds for early release. The additional reasons supplied by the Defendant, considered separately or together with his proffered rehabilitation, do not rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction. *See* U.S.S.G.

---

[1] The applicable policy statement is found in U.S.S.G. § 1B1.13. Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the Court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam).

§ 1B1.13 (listing "extraordinary and compelling reasons").  Moreover, the Defendant fails to articulate any other grounds for early release from incarceration.  Consequently, the Defendant's motion is due to be denied.

Accordingly, for the reasons stated, it is

ORDERED that the Defendant's motion (doc. 956) is DENIED.

DONE this 12th day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE